UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA JACQUELINE MORIARTY, | No. C 10-0582 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| ALAMEDA COUNTY, et al., | **Re: Plaintiff's Motion to Remand** |
| Defendants. | |

Plaintiff Amanda Moriarty brought suit in the Superior Court of California for the County of Alameda against various defendants. Defendant Santa Clara County removed the action to this court on February 10, 2010. Now before the court is plaintiff's motion to remand. The court has considered the parties' arguments fully, and for the reasons set forth below, rules as follows.

BACKGROUND

Plaintiff's allegations are not in dispute. On the evening of June 20, 2008, plaintiff sought assistance from Santa Clara County's Emergency Psychiatric Services facility ("EPS") because she was hearing voices in her head. Plaintiff was told to go home and no medical services were provided.

The following day, plaintiff came to the belief that God was instructing her to kill herself. She crashed her car off the side of the highway and was then taken by ambulance to Eden Medical Center. Plaintiff claims that Eden, while treating her, failed to diagnose an unstable fracture of her cervical spine. Upon release from Eden, because she claimed her automobile accident was a suicide

attempt, plaintiff was involuntarily admitted to John George Psychiatric Pavilion at the Alameda County Medical Center. There, after she attempted to throw herself out a window, plaintiff was found face-down on the floor of her room with a bloody nose and head, and no ability to move her legs or hands. Plaintiff was immediately taken back to the Eden Medical Center. The treatment was unsuccessful and she is now a quadriplegic. She began receiving rehabilitative treatment for her quadriplegia approximately one week after her June 20, 2008 attempt to obtain treatment at EPS.

Plaintiff filed her original complaint in state court on March 12, 2009, asserting state medical malpractice claims against all three hospitals, their respective operators, the treating physician who failed to diagnose her spine fracture, and his medical group. On January 21, 2010, she amended her complaint to assert a federal claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. section 1395dd, and a parallel state law claim under California Health and Safety Code section 1317. These new claims were asserted against Santa Clara County alone, and seek relief for injuries plaintiff sustained as a result of the County's failure to provide services when she sought treatment at EPS the evening prior to her car accident.

Santa Clara County filed a notice of removal on February 10, 2010, claiming federal jurisdiction under 28 U.S.C. section 1331 for the EMTALA claim, and supplemental jurisdiction under section 1367 for the remaining claims. Docket No. 1 (Notice of Removal) ¶ 3. There is no dispute that all defendants did not join the notice of removal within thirty days of removal.

LEGAL STANDARD

District courts possess original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." *Id.* § 1441(a).

The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d

2

1261, 1265 (9th Cir. 1999). The removing party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

DISCUSSION

Generally, a defendant seeking removal must obtain joinder from all co-defendants that have been served. *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Santa Clara County contends that the presence of a removable claim which is separate and independent from the non-removable claims requires unanimity of joinder only from those defendants that had the removable claim asserted against them. Thus, it claims that since the EMTALA claim—asserted only against Santa Clara County—is separate and independent, no joinder is required.[1] The court first addresses the threshold issue of whether plaintiff's EMTALA claim is separate and independent from her other claims.

A claim is separate and independent from other claims if it involves an actionable wrong separate from the other claims, and if complete relief may be afforded as to it without reference to the other claims and without the presence of the parties to the other claims. *Emrich*, 846 F.2d at 1197 (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)) "'Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).'" *Id.* (quoting *American Fire & Cas. Co.*, 341 U.S. at 14).

Santa Clara County claims that the EMTALA claim relates simply to the County's alleged failure to provide a medical screening, whereas the remaining causes of action pertain to substandard care, treatment or diagnosis. Plaintiff, however, specifically claims that as a direct and proximate result of Santa Clara County's acts or omissions, her "psychiatric condition went undiagnosed and untreated and resulted in an automobile accident that left her a quadriplegic." Docket No. 1 (Notice of Removal), Exh. B (First Amended Complaint) ¶¶ 18 & 23.

Under the single wrong test of *Emrich*, plaintiff's EMTALA claim cannot be characterized as sufficiently distinct from her state law claims. Specifically, complete relief under EMTALA cannot

3

1 be afforded without reference to plaintiff's other claims and without the presence of the remaining
2 defendants in this action. Under EMTALA, a individual who "suffers personal harm as a direct
3 result of the participating hospital's violation . . . may . . . obtain those damages available for
4 personal injury under the law of the State in which the hospital is located." 42 U.S.C.
5 § 1395dd(d)(2)(A). Because the measure of damages under EMTALA may overlap with the
6 measure of damages for negligence and/or malpractice under California law, EMTALA is not
7 wholly independent of the state causes of action.

8       Moreover, plaintiff is complaining of a single wrong—her quadriplegia—that arises from an
9 interlocked series of transactions. It is not clear whether the cause of plaintiff's harm can be
10 attributed to the denial of care by Santa Clara County, improper diagnosis at Eden Medical Center,
11 improper supervision at Alameda County, negligent surgery upon returning to Eden Medical Center,
12 or some combination thereof. The complaint simply seeks damages for plaintiff's injury, which
13 manifested after four consecutive administrations of care (or lack thereof). To the extent Santa Clara
14 County is liable for compensatory damages under EMTALA, the fact-finder would need to
15 determine whether the causal chain was broken by intervening forces as defendants have asserted
16 equitable indemnification claims against each other. This too would require the presence of the
17 other defendants.

18       *Mayo v. Christian Hosp. Northeast-Northwest*, 962 F. Supp. 1203, 1206 (E.D. Mo. 1997), is
19 instructive. Plaintiff there alleged "that her husband's death was the direct result of the combined
20 negligence of his health care providers and the health plan(s) administrators" and sought
21 compensation from all the defendants. *Id.* The court found that "Mayo alleges a series of events in
22 which the health care providers' malpractice, exacerbated by the negligent decisions of the health
23 care plan administrators regarding referrals and availability of treatments, contributed to her
24 husband's death," and held that "the singularity of the harm suffered by plaintiff, and not the various
25 theories of recoveries used to address or compensate for that harm" determines whether the claims
26 are separate and independent. *Id.* The situation here is similar: plaintiff alleges that her
27 quadriplegia resulted from the combined acts of the defendants; a series of temporally proximate
28

4

United States District Court
For the Northern District of California

events led to her harm; and there exists a singularity of harm. This demonstrates that the EMTALA claim is not separate and independent from the other state-law theories of recovery.

This conclusion is buttressed by the filings of other defendants in this action. Defendants Michael Gynn and the Northern California Trauma Medical Group both argue that the "relief sought by plaintiff in both her state and federal claims arise from a single wrong that is based upon a common nucleus of operative facts." Docket No. 26 (Opposition) at 2. Likewise, the Sutter Health and Eden Medical Center defendants argue that plaintiff has one injury, quadriplegia, that is part of the same case or controversy for which plaintiff seeks damages. Docket No. 27 (Opposition) at 2-3. The latter defendants go so far as to argue that plaintiff is simply asserting "separate theories of liability against the multiple defendants." *Id.* at 3.

Santa Clara County's reliance on *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1266-67 (D. Or. 2001) is unpersuasive. There, plaintiff was allegedly raped by her supervisor. When she returned to work several weeks after the incident she had difficulty with her new supervisors and was eventually terminated. She sued her employer for retaliation under federal law, and asserted several state law claims against both her employer and the individual supervisor. The employer removed without joining the individual supervisor defendant. The court held that plaintiff's federal claim for retaliation under Title VII was separate and independent of the other claims because the "retaliation claim stands apart and does not require plaintiff to establish [the supervisor's] actions as alleged." *Id.* Since the retaliation claim was not contingent on the other claims—it involved facts occurring after the initial harassment and assault—the court found the facts which formed the basis of the retaliation claim to be different in kind and different in time. As discussed above, EMTALA damages can be directly dependent on the state law claims. Indeed, in direct contrast to *Riggs*, consequential damages under EMTALA will require plaintiff to establish liability under her state law claims. Moreover, unlike *Riggs*, the transactions here occurred over the course of a few days, not a few weeks, which demonstrates that the facts are not different in time.

Finally, the County's reliance on *Cooper v. Gulf Breeze Hosp.*, 839 F. Supp. 1538,1542-43 (N.D. Fla. 1993), and *Jackson v. East Bay Hosp.*, 980 F. Supp. 1341, 1348 (N.D. Cal. 1997) (Patel,

5

J.) is inapposite because neither of those cases discussed "separate and independent" under section 1441(c). Accordingly, plaintiff's EMTALA claim is not separate and independent from the other claims. Therefore, unanimity of joinder was required, the removal was defective and this action must be remanded.[2]

CONCLUSION

Plaintiff's motion to remand is GRANTED. This action is remanded to the Superior Court of California for the County of Alameda. The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Alameda County Superior Court.

IT IS SO ORDERED.

Dated: April 30, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## **ENDNOTES**

1.   Defendant in its opposition asserts the "separate and independent" basis for removal without the need for joinder of the other defendants. However, nowhere in its notice of removal does defendant mention 28 U.S.C. 1441(c) or "separate and independent" as the grounds for removal and as the explanation for the failure to join all defendants. This alone renders the removal defective and subject to remand as plaintiff noted in her reply.

2.   Remand does not deprive plaintiff of her EMTALA claim since state courts have concurrent jurisdiction under the statute to enforce the provisions of 42 U.S.C. section 1395dd(d)(2)(A). H.R. Rep. No.99-241, at 7, (1986) *as reprinted in* 1986 U.S.C.C.A.N. 726, 729; *Sorrells v. Babcock, M.D.*, 733 F. Supp. 1189, 1192 (N.D. Ill. 1990); *Bryant v. Riddle Memorial Hosp.*, 689 F. Supp. 490, 493 (E.D. Pa. 1988).